No. 445
ANNIN et v. CINCINNATI N. RY. CO.
Ohio Appeals, 6th Dist., Williams Co.
No. 144. Decided April 7, 1925

209. CARRIER—Ratification by consignor of wrongful delivery, and failure to follow instructions by carrier releases liability of carrier.

WILLIAMS, J.

The original action was brought in a justice's court in which Annin, on behalf of the Saunders Sales Corp. sought to recover the value of a carload of hay, which it was claimed the Cincinnati Northern Ry. Co., through its connecting carrier, wrongfully delivered to the Matheson Vail Co., at New Bedford, Mass.

It seems that the Saunders Sales Corp. had consigned a carload of hay to itself as consignee. There was a mistake in the town named, and the car was delivered to a different town than intended. Thereafter the car was reconsigned to Bedford with instructions to the connecting line to notify the Matheson Vail Co., and deliver the car on payment of draft.

About a month after this delivery the Matheson Vail Co. sent to the Saunders Corp. a check for $463.38, and a statement of the balance due.

The justice rendered judgment in favor of the railway. This was affirmed by the Williams common pleas. Error was prosecuted and the company contended that, although the delivery was wrongfully made, the Saunders Sales Corp. thereafter ratified the transaction which involved the delivery. The court of appeals held:

1. The delivery of the car to the Matheson Vail Co. was unauthorized on part of the connecting carrier.

2. The receipt of payment by the Saunders Sales Corp. of $463.38, $171.66 of which was to apply on the car, was a ratification of the unauthorized act of delivery.

3. Applying the amount specified by the Vail Co. would be a satisfaction of the indebtedness, pro tanto. Stewart v. Hopkins, 30 OS. 502. Judgment affirmed.

Attorneys—Morton C. Seeley and E. P. Buckenmyer, Toledo, for Annin; A. L. Gebhard, Bryan, for Company.